**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Mansa M.Y Banshee, | ) | Case No. 6:21-cv-2602-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Warden Broad River Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11) recommending that the Court dismiss Petitioner's petition without prejudice and without requiring the respondent file an answer or return. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition without prejudice.

## I.   Background

Petitioner, a state prisoner currently serving a life sentence for murder imposed on November 26, 1974 by the Anderson County General Sessions court, brings this action pursuant to 28 U.S.C. § 2254 arguing that he is entitled to release on parole. Petitioner also argues, pursuant to 42 U.S.C § 1983, that his constitutional rights have been violated because, inter alia, while other prisoners have been granted parole after charges underlying their parole revocation resolved favorably, Petitioner has not. (Dkt. No. 1 at 4-5, 8-9). Petitioner also argues that his incarceration violates the Thirteenth Amendment and represents cruel and unusual punishment. (*Id.* at 7-8, 10).

This is Petitioner's second § 2254. Petitioner filed his first § 2254 petition in this Court on May 29, 2001. *Banshee v. Gunn, et al.*, No. 6:01-cv-2349-MJP (D.S.C.). The petition was denied on the merits based upon procedural default as well as because the petitioner's acquittal of the

charges underlying his parole revocation did not preclude the revocation of the petitioner's parole based upon the charges. *See* Order and Opinion, *Banshee v. Gunn, et al.*, at doc. 13 (D.S.C. Feb. 21, 2002). Petitioner appealed and the Fourth Circuit affirmed the dismissal of the habeas petition. *Banshee v. Gunn, et al.*, 35 Fed. App'x 370 (4th Cir. 2002), *petition for certiorari denied*, 537 U.S. 1072 (2002).

On September 16, 2021, the Magistrate Judge filed an R&R recommending the instant petition be dismissed without prejudice. (Dkt. No. 11). Petitioner did not file objections.

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, the R&R is reviewed for clear error.

## III.    Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that the instant petition should be dismissed without prejudice. As it pertains to that portion of the petition filed under § 2254, the Magistrate Judge correctly noted that the instant action qualifies

as a second or successive § 2254 action because Petitioner previously filed a § 2254 regarding the parole revocation, which was denied on the merits. *See* (Dkt. No. 11 at 6) (noting the "petitioner's prior action asserted the same claims here—arguing constitutional violations based upon his parole revocation and his inability to have his parole reinstated) (citing Order and Opinion, *Banshee v. Gunn, et al.*, at doc. 13 (D.S.C. Feb. 21, 2002), *aff'd* 35 F. App'x 370 (4th Cir. 2002)). And, as it appears Petitioner did not seek permission from the Fourth Circuit to file the instant petition, *see* § 2244(b)(3), this Court does not have jurisdiction to consider it, *United States v. Winestock*, 340 F.3d 200, 205-06 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015). Accordingly, the Magistrate Judge correctly determined that the Court lacks subject matter jurisdiction to hear Petitioner's claims and that the petition must therefore be dismissed. Further, to the extent Petitioner's allegations could be construed as seeking relief pursuant to 42 U.S.C. § 1983, the Magistrate Judge correctly concluded that the claims would be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* (Dkt. No. 11 at 7-8).

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the order of Court and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 5, 2021
Charleston, South Carolina